## EVANS v. SAN ANTONIO COCA COLA BOTTLING CO., Inc.

### No. 10197.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 15, 1937.

Rehearing Denied Jan. 12, 1938.

Nowlin Randolph, of San Antonio, for appellant.

Terrell, Davis, Hall & Clemens, of San Antonio, for appellee.

SMITH, Chief Justice.

One Anthony Pons sued the Coca Cola Bottling Company for damages for personal injuries. He was treated for his injuries by Dr. E. O. Evans, whose account for such services aggregated $665. For the purposes of this appeal it appears that during the pendency of this suit, and just prior to a date it had been set for trial, Pons, his attorney, and Dr. Evans had a conference, preparatory to the trial. As the conference ended, Dr. Evans said to Pons: "Pons, you know you owe me a pretty big bill in this case and I am getting a little uneasy about my payment and I would like to know if you are willing to give me an interest in your case you have against the Coca Cola people." Pons answered, "Sure, absolutely"; and plaintiff said, "You understand I have got an interest in this case that you have against the Coca Cola Company"; to which Pons answered, "Sure."

At that time the bottling company and Pons were negotiating for a settlement of the latter's claim for damages, and with that in mind Dr. Evans wrote the bottling company's attorney, stating: "If and when a settlement is made in the case, I ask that you kindly include my name in any draft in payment of the claim"; to which the attorney replied: "In the event this case should be settled I would not be able to include your name in the draft as you are not a party to the suit." Upon receipt of the attorney's letter Dr. Evans called the attorney by telephone and told him he (Evans) was sorry the attorney could not do him "that favor" (of including Evans in the check to Pons) and that "in view of the fact you won't do me that favor, will you advise me immediately when the case is settled?" to which the attorney replied, "Yes."

Dr. Evans brought this suit against the Coca Cola Bottling Company for the amount of his claim against Pons, upon the ground that Pons had assigned to Dr. Evans an interest in his claim to the amount of the doctor's bill, based on the conversation between the two, as stated, and that the bottling company had notice thereof by reason of the doctor's letter to and conversation with the company's attorney. Upon a trial and a directed verdict, judgment was rendered denying recovery to Dr. Evans, who has appealed.

We are of the opinion that the conversation between Dr. Evans and Pons was not sufficient to constitute a valid assignment of a cause of action then in suit, and, particularly, that Dr. Evans' letter to and telephone conversation with the bottling company's counsel were not sufficient to constitute a valid and efficient notice of such assignment, had one been

made. We think the letter, and Dr. Evans' telephone statements to the attorney, efficiently negatived the existence of a legal assignment.

The judgment is affirmed.